ROBERT W. FIELDING, Appellant, v. JOHN LUCAS, Impleaded, etc., Respondent.

Under the provisions of the various acts in reference to the Marine Court of the city of New York (§§ 33-47, chap. 300, Laws of 1831 ; chap. 629, Laws of 1872; chap. 479, Laws of 1874; chap. 136, Laws of 1876), and prior to the Code of Civil Procedure (§ 3169) that court had jurisdiction to issue an attachment for a debt not exceeding $2,000, against a non-resident of the county of New York, although he had a place of business in the city, where he regularly transacted business in person, and was a resident of the State.

Plaintiff's complaint alleged in substance that he and defendant W. were copartners and the firm was insolvent ; that the other defendants, acting in collusion with W. and for the purpose of harassing plaintiff and obtaining an undue advantage over other creditors, had commenced actions against the firm in the Marine Court of the city of New York, and had procured attachments therein on the ground that the members of said firm were non-residents of the county of New York ; that the action of defendant L. was upon contract, the amount claimed being $1,783.89 ; that the attachment had been levied upon firm property ; that the partners resided, at the time the attachments were issued, in the county of Kings, and had their office and place of business in the city of New York; therefore the said court had no jurisdiction to issue the attachments, and the same were void. The relief asked was a dissolution of the firm, an accounting, etc., and that defendants, the attaching creditors, be restrained from prosecuting their actions in the Marine Court. Defendant L. demurred. *Held*, that the demurrer was properly sustained ; that no cause of action, as against him was set forth in the complaint.

(Argued November 28, 1881 ; decided December 13, 1881.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made September 14, 1880, which reversed a judgment in favor of plaintiff, entered upon an order overruling a demurrer on the part of the defendant Lucas, to the plaintiff's complaint.

The plaintiff alleged, among other things, the following facts :

That plaintiff, and defendant John F. Walter, Jr., were copartners under the firm name of Walter & Fielding, under an agreement for no fixed period in the future ; that the copart-

nership had become insolvent; that by collusion with Walter, and for the purpose of harassing plaintiff, and obtaining an undue advantage over other creditors, the other defendants had commenced actions against the firm in the Marine Court of the city of New York. That warrants of attachment had been issued in said actions by the Marine Court, one of them at the suit of the defendant Lucas; that said action in favor of the defendant Lucas was on contract for the payment · of money only, and the amount claimed was $1,783.89 and interest; that the action was commenced by summons returnable in six days, and that the warrant was issued upon the sole ground that the members of the said firm of Walter & Fielding were not residents of the city and county of New York, when in fact both members thereof were residents of the county of Kings, and had their office and place of business in the city and county of New York, at the time said warrant was issued. The complaint further alleged, that the sheriff has possession of the property of the firm under the said attachment, and said property will be sacrificed to the great injury of the creditors of the firm, unless the attachment is vacated; that the said Marine Court had no jurisdiction to issue a warrant of attachment against said firm as non-residents, so long as the members thereof were residents of the State of New York, and had their office and place of business in the city of New York.

The relief asked is: The dissolution of the copartnership and an accounting, the appointment of a receiver of its property *pendente lite*, and the distribution of the assets of the firm, and that the said warrant of attachment be declared void, and the firm property be released therefrom. Also, that the defendants, the attaching creditors, be restrained from prosecuting said actions in the Marine Court, and be required to prove their claims in this action; and for other relief.

Defendant Lucas demurred on the ground that as to him the complaint did not state facts sufficient to constitute a cause of action.

*James A. Shoudy* for appellant. The Supreme Court, as a

court of equity, having obtained jurisdiction of the contro-
versy for the main purposes of the action, should retain it for
all purposes, in order to afford complete relief. (1 Story's Eq.
Jur., §§ 33, 59, 71 ; Willard's Eq. Jur. 48 ; *Armstrong* v. *Gil-
christ*, 2 Johns. Cas. 424 ; *Rathbone* v. *Warren*, 10 Johns. 587,
595, 596; *Kane* v. *Baldwin*, 17 id. 384; *Conro* v. *Henry Iron
Co.*, 12 Barb. 62 ; *Erie R. Co.* v. *Ramsey*, 45 N, Y. 647, 648 ;
*Ketchum* v. *Durkee*, 1 Hoff. Ch. 538 ; *Purdy* v. *Doyle*, 1
Paige, 538, 561 ; *Parker* v. *Doe*, 2 Ch. Cas. 200.) The
Supreme Court had jurisdiction to prevent multiplicity of
suits. (45 N. Y. 647 ; *Pfohl* v. *Simpson*, 74 N. Y. 137, 144;
*Suprs. Saratoga Co.* v. *Deyoe*, 77 id. 219.) The remedy at law
must be plain, adequate and complete in order to deprive
equity of jurisdiction. (1 Story's Eq., § 33 ; *Rathbone* v. *Warren*,
10 Johns. 595 ; *McHenry* v. *Hazzard*, 45 N. Y. 585, 595 ; *Welz*
v. *Niles*, 3 Daly, 172 ; *Bamberg* v. *Stern*, 76 N. Y. 555.) The
warrant of attachment issued by the Marine Court is without
authority of law and void. (*People, ex rel. Garvey*, v. *Justices,
etc.*, 11 Hun, 443; *Miller* v. *Brinkerhoff*, 4 Den. 118, 120 ;
*Staples* v. *Fairchild*, 3 N. Y. 41; *Harrington* v. *People*, 6
Barb. 607 ; *Noyes* v. *Butler*, id. 613.)

*David Crawford* for respondent. The Marine Court had
jurisdiction over the subject of the action, and the parties
thereto, and to issue the attachment. (Code of Civil Procedure,
§§ 315, 316; 11 Hun, 433.)

Andrews, Ch. J. The jurisdiction of a court of equity to
restrain proceedings at law, in cases where the exercise of this
jurisdiction is essential to the complete administration of jus-
tice, and the proper security of the rights of litigants, has been
devolved upon the Supreme Court under its present organiza-
tion, and has not been abrogated, or abridged, in any of its essen-
tial features, by the union of the two jurisdictions in law and
equity, in a single tribunal. (*Erie R. Co.* v. *Ramsey*, 45 N. Y.
637, and cases cited.) But it is quite obvious that the occasions
for the exercise of this jurisdiction, are much less frequent

under a system which permits equitable defenses, and the administration of legal and equitable remedies, in the same action.

Formerly, a party against whom an action at law was brought, to which an equitable defense alone existed, was compelled to go into chancery for relief, and the jurisdiction to restrain the action at law, was essential to give effect to the equitable remedy. It is not necessary here to trace the extent of the jurisdiction, or notice the limitations under which it is exercised; it is sufficient to say that it was exerted, when necessary, to prevent injustice, to avoid multiplicity of actions, and to prevent interference where the jurisdiction of equity had once attached, when interference would render the jurisdiction ineffectual.

In this case, the defendant Lucas is made defendant, in an action brought by one partner, against his copartner and others, primarily for the purpose of having the partnership dissolved, and for an accounting, and the distribution of the partnership assets. The defendants, other than the copartner, are three persons (including the defendant Lucas) who have separate debts against the partnership for more than $1,000, but less than $2,000 each, upon which separate actions have been brought, in the Marine Court in the city of New York, and in which actions, attachments have been issued, by virtue of which the sheriff has seized the property of the partnership. The complaint alleges that the debtors, when the attachments were levied, were residents of Brooklyn, but had a place of business in New York; and that the Marine Court had no jurisdiction to issue attachments, in actions on debts exceeding $1,000, against non-residents of the county of New York, who have a place of business in that county; and that the attachments were, for this reason, void. It further alleges that the partnership is insolvent, and that, if the attaching creditors are permitted to proceed under their attachments, the firm property will be sacrificed, to the injury of other creditors; and that the actions in the Marine Court were commenced by the attaching creditors, acting in collusion with the defendant Walter (one of the copartners), to obtain an

unfair advantage over the other creditors. The relief asked, as against the attaching creditors is, that the attachments be set aside as void, and that the plaintiffs therein, be restrained from further proceeding thereon, or in the actions, in the Marine Court.

We think the demurrer of the defendant Lucas is well taken. The complaint does not question the validity of the claim upon which his action in the Marine Court is brought. The debt being less than $2,000, that court had jurisdiction of the action. (Laws of 1875, chap. 479, § 1.)

We think the court had jurisdiction also, to issue an attachment therein, on the ground that the debtors, although residents of the State, were non-residents of the county of New York. The jurisdiction of the Marine Court to issue attachments was originally derived from the Non-Imprisonment Act, which conferred upon that court the same power to issue attachments against non-residents of the county, as was given by the act to justices of the peace. (Laws of 1831, chap. 300, §§ 33–47.) The jurisdiction of the court has been enlarged from time to time, and by chapter 629 of the Laws of 1872, it was made a court of record, and its jurisdiction increased to $1,000. By the second section of that act, its procedure was conformed, as near as may be, to the procedure of other courts of record, except as otherwise directed in the act. The sixth section, made a new provision in respect to attachments, by providing that " an attachment against property may issue in an action in said court, for like causes, and in the manner and with like effect, as allowed and prescribed by the provisional remedy of the Code of Procedure, and for causes allowed by existing law in said Marine Court." The last clause clearly preserved the jurisdiction given by the act of 1831, to issue an attachment on the ground of the non-residence of the defendant in the county of New York, and there being no limitation in the act, it could issue for any sum involved in the action, provided only the sum claimed did not exceed $1,000. The jurisdiction of the court was further extended by chapter 479 of the Laws of 1875, to cases where the sum finally

recovered shall not exceed $2,000. The act of 1875 contains fifty-seven sections. The fifty-first section contains thirteen subdivisions, and relates exclusively to the subject of security for costs, to be given by plaintiffs in actions in that court, defining the cases in which a plaintiff may be required to give such security, and the practice and procedure in respect thereto. The thirteenth subdivision declares that the section shall not apply to plaintiffs who have a place of business within the city and county of New York, " who shall, for the purposes of this act, be deemed residents." This act did not in any respect affect the causes for which attachments might be issued in the Marine Court, and thereafter attachments could be issued on the ground of non-residence in the county, to the amount of the enlarged jurisdiction. But it is claimed that the power to issue attachments on the ground that the defendant was a non-resident of the county was, by the amendment to the fifty-first section, made in 1876 (Laws of 1876, chap. 136), restricted to actions on demands not exceeding $1,000, or to an amount not exceeding that sum, where the defendant, although a non-resident of the city and county of New York, was a resident of the State, and had a place of business in that city.

The act of 1876 consists of one section, which amends section 51 of the act of 1875 by adding thereto subdivision 14, as follows: " 14. No person being a resident of the State of New York, who shall have a place of business in the city of New York, shall be deemed to be a non-resident, under the provisions of *this act*." This amendment does not purport to repeal the section in the act of 1831 conferring upon the Marine Court power to issue attachments against non-residents of the county, or the specific provisions to which we have referred in the act of 1872.

The section amended relates, as has been said, exclusively to security for costs. The object of the amendment of 1876 is not very apparent. It may have been intended to reach the case of attachments, and to take away the power of the Marine Court to issue an attachment on the ground of non-residence simply, where the defendant, although residing out of the

county of New York, had a place of business there. But we think this result, if intended, was not accomplished.

The act of 1875 contains no provision defining the causes in which attachments might issue, and the powers of the Marine Court in respect to attachments are not conferred by that act. Incidentally, the increase of pecuniary jurisdiction given by that act, enlarged the amount for which an attachment might issue, as a result from the enlarged jurisdiction; but in no other respect was the jurisdiction affected thereby. The claim of the plaintiff involves the admission, that the jurisdiction to issue attachments to the amount of $1,000, under the act of 1872, continues; and the claim is that the amendment of 1876 took away the power in the cases mentioned, when the claim exceeded that sum. We think the amendment of 1876 is too indefinite, to justify the inference of an intention on the part of the legislature to repeal the prior express provisions of law on the subject of attachments, and that, not withstanding this amendment, the Marine Court had jurisdiction to issue an attachment against a non-resident of the county, although he had a place of business in the city, to an amount within the sum of $2,000.

Having reached the conclusion that the attachment in the Marine Court in favor of the defendant Lucas was not void, the action then stands as an action, brought by one of two partners, against his copartner, for a dissolution of the partnership, and the settlement of the partnership accounts, in which certain creditors of the firm, who are proceeding in a court of competent jurisdiction to collect their debts, and have secured a lien by lawful process, are made co-defendants, and are sought to be restrained from pursuing their lawful and legal remedy, on the allegation that the firm property will be sacrificed, if they are permitted to proceed. We think there is no ground for equitable interference against the attaching creditors. The plaintiff has no equity to prevent the creditors from reaching and appropriating the property of their debtors, to the payment of their debts, in the usual course of legal proceedings, and the court is not called upon to stay

the proceedings to prevent a sacrifice of the property. The power of the Marine Court, may be invoked to control and prevent any unconscionable use of its process by its suitors; and this remedy is open to the plaintiff.

The questions in respect to the jurisdiction and powers of the Marine Court, arising out of the confused, and sometimes inconsistent provisions of the various statutes in which they have been defined, are, to a great extent, settled by recent legislation. The Non-imprisonment Act of 1831, and the statutes of 1875, and 1876, were repealed by chapter 245 of the Laws of 1880, and the act of 1872, was repealed in part by chapter 417 of the Laws of 1877. The jurisdiction of the court is now defined by the Code of Civil Procedure (§§ 315 *et seq.*), and the cases in which attachments may issue are distinctly specified (§ 3169). By the section last cited, an attachment cannot issue on the ground that the defendant is not a resident of the city of New York, provided he is a resident of the State, and has an office in the city, where he regularly transacts business in person. This case arose before the present statutes were enacted, and is not governed by their provisions. The claim that the attachment creditors were properly made parties to prevent multiplicity of action is not tenable. The debts were distinct, arising out of separate transactions, and their validity is not questioned. The creditors have no common interest, and, so far as appears, there is no conflict between them as to priority of lien. The debtor, has no equity under such circumstances to bring them into this litigation.

The judgment should, therefore, be affirmed.

All concur.

Judgment affirmed.