EDWARD STAMM, RESPONDENT, v. GEORGE H. BOSTWICK, APPELLANT.

*Injunction — it may be issued to restrain interference with the plaintiff's possession, in an action to determine claims to real estate — Code of Civil Procedure, secs. 603, 1638.*

Where, in an action brought under section 1638 of the Code of Civil Procedure to compel the determination of a claim made by the defendant to real estate, which is and has been for the term of three years in the actual possession of the plaintiff or his grantor, it is shown that there is danger that the possession of the plaintiff will be unlawfully disturbed or molested during the progress of the action, an injunction restraining the defendant from so interfering with the plaintiff's possession may be issued under section 603 of the Code of Civil Procedure.

APPEAL from an order made at a Special Term denying a motion to dissolve an injunction.

This action is brought under section 1638 of the Code of Civil Procedure to compel the determination of a claim, made by the defendant to the property in question, adverse to that of the plaintiff, and to restrain and enjoin the defendant from in any way

interfering with the quiet enjoyment and possession of such property by the plaintiff.

Upon the complaint, setting forth the plaintiff's title and the defendant's claim, and upon an affidavit showing that the defendant had brought one proceeding to dispossess the tenants of the property before a civil justice, and having failed in that on the seventh of March, had, on the following day, the eighth of March, obtained from a justice of the Marine Court a precept in a second like proceeding, and averring that the plaintiff and his tenants are put to great trouble and expense by unfounded and vexatious proceedings, and that the defendant is utterly irresponsible and without property, an injunction was granted enjoining the defendant from interfering with the plaintiff in the possession of the property, and from instituting any proceedings or prosecuting any already commenced to recover possession of the premises in question.

The defendant moved, upon an affidavit of his attorney, to vacate the injunction. This affidavit averred, among other things, that the property in question came from the plaintiff's daughter, and that "because of the alienage of plaintiff, defendant claimed to be the heir at law;" that a suit had been brought by the defendant against the tenants of the said premises for rent, and that he had recovered judgment therein, the plaintiff having notice of said suit (but it was not claimed that he was a party thereto). It is conceded in the affidavit that the two summary proceedings alleged by the plaintiff had been brought, and that the first had been dismissed because it was prematurely brought, and that, in the second, the plaintiff had intervened and filed an answer.

*Lewis Johnston,* for the appellant.

*Paul Fuller,* for the respondent.

DANIELS, J.:

This action is brought under the authority of section 1638 of the Code of Civil Procedure, which authorized a person who has been in actual possession of real estate, or whenever he and the person from whom the estate has been derived have held such possession, for a term of three years, under the circumstances therein mentioned, to maintain an action to compel the determination of a claim to the property adverse to that of the plaintiff. And it is

clearly contemplated by the provisions enacted to control the proceedings in the action, that the plaintiff should be continued in the possession during its pendency. For that reason, where there is danger of his possession being unlawfully disturbed or molested in the meantime, an injunction may be issued under section 603 of the Code of Civil Procedure. For the case will then be one where the disturbance of his possession during the pendency of the suit would produce injury to him. And it appears, by the affidavit sustaining the application for the injunction, that the defendant not only designed but was actually interfering with his possession of the premises in controversy. And as that has not been denied, the case was clearly one for an injunction, within the section last referred to and that immediately following it.

The action is not within the cases which have been decided relating to the right of the tenant to restrain by injunction summary proceedings brought to recover possession of demised premises, for that was not its principal object. The purpose of the suit was to determine the conflicting claim of the defendant to the property in controversy, and the restraint imposed upon his proceedings was incidental only to the complete accomplishment of the purposes of the action, and for that end the injunction was entirely proper. It was also carefully guarded by the direction requiring the deposit of the rents with the Union Trust Company to the credit of the action, and accordingly no possible injury can be sustained by the restraint imposed upon the defendant.

It was claimed in his behalf that as a recovery of rent was had in his favor in the Court of Common Pleas against one of the tenants, and the plaintiff was present in the court during a portion of the trial, that his claim of title had, in that manner, been virtually decided against him. But this position cannot be maintained for he was not a party to that action, and the mere circumstances that he was present observing the proceedings without the right to produce witnesses or cross-examine those sworn on behalf of the defendant, will not affect him by the result of the trial.

The order in the case should be affirmed, together with ten dollars costs, besides the disbursements.

Davis, P. J., and Brady, J., concurred.

Order affirmed, with ten dollars costs and disbursements.