### CUTHBERT *v.* CHAUVET *et al.*

*(Supreme Court, Special Term, New York County. March, 1891.)*

INJUNCTION PENDENTE LITE—DETERMINATION OF ADVERSE CLAIMS TO REALTY.

     In an action brought under Code Civil Proc. N. Y. §§ 1638–1650, to compel the determination of adverse claims to real property, where the complaint alleges that defendants have brought a number of ejectment suits against plaintiff for the same property, and are about to institute others, an injunction *pendente lite* will be granted against the prosecution of such suits by the defendants until after the determination of the action brought by plaintiff, as Code Civil Proc. N. Y. § 603, permits the granting of an injunction against defendant "restraining the commission or continuance of an act the commission or continuance of which, during the pendency of the action, would produce injury to the plaintiff."

At chambers.   Action by Ophelia J. Cuthbert against Cornelia D. Chauvet and others, to compel the determination of adverse claims to real property, brought under Code Civil Proc. N. Y. §§ 1638–1650.   Plaintiff obtained a temporary injunction restraining defendants from prosecuting different actions of ejectment against her, and she now moves for the continuance of such injunction *pendente lite.*   Code Civil Proc. N. Y. § 603, provides: "Where it appears, from the complaint, that the plaintiff demands and is entitled to a judgment against the defendant, restraining the commission or continuance of an act the commission or continuance of which, during the pendency of the action, would produce injury to the plaintiff, an injunction order may be granted to restrain it."

*Hoadly, Lauterbach & Johnson,* for plaintiff.   *Donohue, Newcombe & Cardoza,* for defendant Chauvet.   *Charles F. MacLean,* for defendant Ives. *Robert Sewell,* for defendant Schermerhorn.

BEACH, J.   The motion is for the continuance of a temporary injunction *pendente lite.*   The complaint avers that plaintiff and the defendant the New York Life Insurance & Trust Company are owners in fee, holding requisite possession of realty therein particularly described.   That defendant Schermerhorn has pending against plaintiff and the other defendants ten actions of ejectment, and two of the defendants threaten suits of like character. All these parties claim as heirs at law of Francis W. Lasak, deceased, under whose last will and testament plaintiff takes her title.  ·Each suit in ejectment involves the validity of the said will.   Judgment is here demanded forever barring the defendants from all claims to any estate of inheritance, freehold, possession, reversion, or remainder in the premises; also for a perpetual and a temporary injunction against the prosecution of pending actions, and the bringing of others by defendants to enforce their claims.   This action is evidently brought under sections 1638 to 1650 of the Code of Civil Procedure, regarding claims to real property.   The learned counsel for defendants urge that no injunction *pendente lite* can issue, because the action is at law, and not in equity, and, whether so or not, is not within sections 603 and 604, which prescribe rules for issuance of the writ.   The position taken seems to me untenable.   In *Stamm* v. *Bostwick,* 65 How. Pr. 358, the action being under the same Code provisions, an injunction was granted, and upheld by the general term of this department, where there was danger of the plaintiff's possession being unlawfully disturbed.   Therefore the court has the requisite power.   The form of action specially provided by the cited provisions of the Code has characteristics of both law and equity procedure.   Section 1643 names a verdict, report, or decision, comprising a disposition by either branch of the court.   In this view, an injunction *pendente lite* may be granted under averments of existent and threatened litigation, the language of section 603 being sufficiently comprehensive.   The plaintiff in his complaint may demand "a judgment against the defendant restraining the commission or continuance of an act the commission or continuance of which during the pendency of the action would produce injury to the plaintiff."   Should the case proceed as one in equity, the relief would be appropriately included in the decree, and if under section 1642, as one at law, it would be omitted, the judgment provided being sufficient.   This course of procedure cannot be determined until issue shall be joined.   The prosecution of a number of ejectment suits would produce certain injury to the plaintiff, with a possibility for two trials of each one.   The relief asked in this motion was prayed and granted in *Railroad Co.* v. *Schuyler,* 17 N. Y. 592, where the numerous holders of invalid stock certificates were stayed in the prosecution of suits.   It is true that action was strictly in equity, their cancellation being sought.   As before said, this action is in equity, until an issue of fact shall be joined, when the future procedure will assimilate to one at law.   In the latter event the trial

will be before a jury, and by section 1646 the unsuccessful party is entitled
to a new trial within the same time and under the same circumstances as in
ejectment.   If no issue of fact shall be joined the trial is before the court
without a jury, and results in the report or decision mentioned in section 1643.
The examination and citation of the many adjudications, upon the subject of
multiplicity of suits and bills *quia timet,* is not called for, because the ques-
tion raised is whether or not, under sections 1638 to 1650, and 603, 604, an
injunction *pendente lite* should be given.   With the mode thus provided,
to finally determine the rights and claims common to all, in one action, it
would be unjust to permit the institution and prosecution of many independ-
ent suits involving the same question, and entailing intolerable burdens of
labor and expense.   Motion granted.