CUTHBERT *v.* CHAUVET *et al.*

*(Supreme Court, General Term, First Department.* April 17, 1891.)

INJUNCTION—RESTRAINING MULTIPLICITY OF SUITS.

    Plaintiff sued under Code Civil Proc. N. Y. § 1638, to compel the determination of hostile claims to ten pieces of real property, nine of which were in New York city, and one in Westchester county. Defendants brought ten actions of ejectment against plaintiff to establish their title to the property. *Held,* that the plaintiff in the first suit was entitled to an injunction restraining defendants from proceeding with nine of their ejectment suits upon the ground of multiplicity of suits, and that there was no inconsistency in allowing the other action to proceed to trial. Affirming 14 N. Y. Supp. 62.

Appeal from special term, New York county.

Action by Ophelia J. Cuthbert against Cornelia D. Chauvet, A. L. Schermerhorn, and others, under Code Civil Proc. N. Y. § 1638, to obtain a determination of claims to real property. The plaintiff appeals from an order modifying a preliminary injunction, and the defendants A. L. Schermerhorn and another from an order granting a motion to continue a preliminary injunction.

Argued before VAN BRUNT, P. J., and DANIELS and LAWRENCE, JJ.

*Hoadly, Lauterbach & Johnson,* (*Edgar M. Johnson,* of counsel,) for appellant Cuthbert. *Donohue, Newcombe & Cardozo,* (*C. Donohue,* of counsel,) for appellant Mr. Chauvet. *Charles F. McLean,* for appellant Ives. *Robert Sewell, Christopher Fine,* and *Aaron Kahn,* for A. Schermerhorn, appellee.

LAWRENCE, J. This action is brought under section 1638 and the following section, contained in article 3 of title 1 of chapter 14 of the Code of Civil Procedure, and is an action to compel the determination of claims to real property. The plaintiff, Mrs. Cuthbert, is an heir at law and a devisee under the will and codicils of Francis W. Lasak, deceased, and the defendants Mrs. Schermerhorn, Ives, Chauvet, and McKenzie are also heirs at law of the deceased. The defendant the New York Life Insurance & Trust Company has succeeded Mr. Wendell as trustees under the will of Lasak. The defendant Schermerhorn has already commenced ten actions of ejectment against the plaintiff and the other defendants to recover the interest in certain lands in the counties of New York and Westchester, to which she claims to be entitled as heir at law of said Francis W. Lasak, and it is alleged that the defendants Ives and Chauvet have threatened to institute similar suits. This intention is denied by the defendants Chauvet and Ives, but the latter avers that she has the right to commence such actions, and that such right should not be abridged or interfered with. The property in question consists of ten parcels of land, one of which, described as "Parcel 10," is situated in the county of Westchester, and nine other parcels in the county of New York. A preliminary injunction was obtained on an order to show cause, restraining Mrs. Schermerhorn from proceeding in the actions commenced by her, and also restraining the other defendants from proceeding in said actions, or from instituting or commencing any further actions or proceedings in any new or other actions at law for the recovery of said premises. Upon the hearing of the order to show cause Mr. Justice BEACH continued the injunction as to the nine actions which related to the property in New York, but vacated it as to the action pending in Westchester county. Cross-appeals have been taken by the plaintiff and the defendants Schermerhorn and Ives from the orders entered on this decision.

We are of the opinion that the disposition made of the motion at the special term was right, and that the orders should be affirmed. There can be no doubt of the power of the court to restrain proceedings in other courts, where the exercise of such jurisdiction is essential to the complete administration of

justice. *Railway Co.* v. *Ramsey*, 45 N. Y. 637; *Fielding* v. *Lucas*, 87 N. Y. 197; *Third Ave. R. Co.* v. *Mayor*, *etc.*, 54 N. Y. 159; *Garrison* v. *Marie*, 7 Civil Proc. Rep. 113. This power is exercised to prevent a multiplicity of suits, and to prevent parties from being harassed by numerous actions relating to the same subject-matter. The question which is presented on the appeal in this case was considered by the general term of this department in *Stamm* v. *Bostwick*, 65 How. Pr. 358, Justice DANIELS writing the opinion; and it was held that in an action brought under section 1638 of the Code of Civil Procedure to compel the determination of a claim to real property adverse to the plaintiff, an injunction might be issued where it appeared that the defendant was actually interfering with the possession of the premises by the plaintiff. Such an interference exists in this case if the plaintiff can establish the allegations in her complaint. There was no inconsistency in allowing the action in Westchester county to proceed while restraining the prosecution of the other actions. The right of the heirs at law of Francis W. Lasak can as well be disposed of in one action of ejectment as in ten, and where a multiplicity of suits are threatened or are sought to be prevented it is proper practice to restrain the prosecution of every suit but one, and to allow that one to proceed to trial and final determination for the purpose of testing the legal questions upon which all the actions are dependent. *Safe Co.* v. *Mayor*, *etc.*, 22 Wkly. Dig. 523. It was purely discretionary with the learned justice who heard the motion as to which action he would permit to proceed, and with his exercise of that discretion this court should not interfere. The orders appealed from should be affirmed, with costs and disbursements.

DANIELS, J., concurs.

VAN BRUNT, P. J. I concur in result.