## NOTE SECURED BY WAREHOUSE RECEIPTS AND GUARANTEED.

Circuit Court of Hamilton County.

THIRD NATIONAL BANK OF CINCINNATI, OHIO, v. ROBERT LAIDLAW.

Decided, August 6, 1910.

*Warehouse Receipts—Guarantor of Note Secured by Such Receipts—May Rely on Recital of Receipts as to the Property Represented.*

The guarantor of a promissory note secured by warehouse receipts pledged as collateral may rely on the quantity and quality of the property set out in the receipts, and is not limited to the actual amount found to be on hand when the sale is made.

*Maxwell & Ramsey,* for the bank.
*Edward Colston* and *A. C. Cassatt,* contra.

SMITH, J.; GIFFEN, P. J., concurs; SWING, J., dissents.

Plaintiff in error seeks to recover from defendant in error upon the following guaranty:

"CINCINNATI, OHIO, January 3, 1905.

"For value received we hereby jointly and severally guarantee to the Third National Bank of Cincinnati, Ohio, in respect of any loans heretofore or hereafter made by it to the American Mahogany Company, or the International Mahogany Company, for which warehouse receipts calling for Cuban mahogany lumber or logs are taken as collateral security, that the net proceeds after deducting all expenses of the sale of said lumber or logs, should said company default in its payment and the bank sell its collateral, shall not be less than the amount of money loaned by the bank plus any accrued interest, and we agree to make good to said bank any loss it may suffer should the net proceeds of the lumber or logs be less than the claim of the bank. This guaranty applies to a loan represented by note dated January 5, 1905, amounting to $20,345.86 and to renewal of the same or any part thereof.

"L. M. MORAGUES,
"ROBERT LAIDLAW."

At the time the note referred to in the above guaranty was executed and delivered to the bank, there was pledged as collat-

eral security for the payment of the same, warehouse receipts of the Export Storage Company, Nos. 529, 378, 420, 541, 401, 472, 593, calling for 377,520 feet Cuban mahogany lumber, log run.

While the date of the guaranty is January 3, 1905, and the actual date of the note is January 5, 1905, yet, from the evidence it appears that the note and guaranty were executed at the same time and no question is made as to the difference in the dates of the instruments.

The court below at the close of plaintiff's evidence instructed a verdict for the defendant, and this action is brought to reverse the judgment entered upon that verdict. The issue asked by the pleadings is as to the construction of the guaranty. To determine the meaning of the guaranty it is evident that it and the note must be taken together; that both refer to the warehouse receipts pledged as collateral for the note. By the warehouse receipts title to the property described therein vested in the bank. When default was made upon the note, and the lumber pledged was sold, it was much less than 377,520 feet, and it would seem that the guarantor would have the right to rely upon the statement as to the quantity and quality of lumber set out by the warehouse receipts, rather than upon the quantity that actually was on hand at the time of the sale. He had the right to suppose from his contract that he had an ample security of 377,520 feet of Cuban mahogany lumber, log run, between him and his ultimate liability. *Farmers & Mechanics National Bank* v. *Lang*, 87 N. Y., 197.

There is no fraud or collusion charged against the defendant in error, nor is it alleged that he knew that the property pledged was not as set forth in the receipts. It seems to us there is no ambiguity in the contract sued upon, and as disclosed by the record we think the trial court properly construed the contract.

We have carefully considered the authorities cited by counsel on both sides and are of the opinion that under the construction of the guaranty given by the trial court, plaintiff in error is not entitled to recover from defendant in error, and the judgment of the court below will be affirmed.