The bill shows the complainant to hold a lease for a term of years to the basement and second and third floors of 8 West Park street, Newark. The defendant, lessor, evicted and still bars the complainant from the basement, and the complainant refuses to pay the rent reserved. The defendant-landlord brought suit in the city district court for a month's rent due July, 1928, and the complainant pleaded the part eviction, was overruled and judgment was entered against it. An appeal is pending in the supreme court. Since then the defendant brought six suits in the city district court, each for a month's rent for six successive months, and threatens to bring as many more as there are monthly rentals remaining, as they fall due. The only defense to the pending and threatened suits is the one unsuccessfully tendered in the suit in judgment and now under review. The prayer is to restrain the prosecution of the pending and threatened suits until the appeal is decided, so as to relieve the complainant *Page 300 
from the vexation and cost of defending a multitude of suits upon the single point of law adjudged against him and now before the appellate tribunal for correction. Security is offered by the complainant for the payment of all rent, past and future, should the decision be adverse. Unlawful eviction from the basement was found by the decree of this court on a bill by the complainant against the defendant to prevent the eviction. Preventive relief was denied and the complainant left to his remedy and defenses at law because the injury had passed equitable repair.
Eviction of a tenant by a landlord from part of leased premises works a suspension of the rent during the continuance of the eviction. Morris v. Kettle, 57 N.J. Law 218. That is the landlord's penalty for his unlawful conduct, and it is the complainant's lawful right to exact it. No equities are presented by the answering affidavits to deny the right. The single question here is, Should the complainant be relieved from severally defending the pending and threatened suits until the test suit is determined? The decision in that case will settle the controversy for all. Further defense in the district court to the suits now pending and those to be brought would be futile. There the defense is res adjudicata. If they are permitted to go to trial the complainant will have to put in its defense for the cases on appeal, file an appeal, give a bond and prepare a state of the case on appeal in each case — all laborious to either party, costly to both and nothing gained. Further prosecution, seemingly, can serve no other purpose than to embarrass the complainant by this useless and expensive litigation. It cannot profit the defendant, nor, abstaining, injure him, for the appeals will stay his judgments, and if successful in the key case his rent is assured. His persistence is equitably indefensible. In such circumstances equity protects against the injustice of vexatiously multiplying suits at law that have a common issue and require a single judgment, sometimes by assuming full jurisdiction, other times and usually by staying the multiple actions until the issue is settled at law. Pom. Eq.Jur. (4th ed.) § 254; Third Avenue Railroad Co. v. Mayor, *Page 301 54 N.Y. 159; Cuthbert v. Chauvet, 14 N.Y. Supp. 385. InNorfolk and New Brunswick Hosiery Co. v. Arnold, 143 N.Y. 265,
the defendant brought three suits, which were later consolidated, for monthly installments of royalties, and recovered. An appeal was taken and pending when she brought another for an additional installment and threatened more as the royalties accrued. The defense was common to all the actions — fraud in the procurement of the contract. The court of errors and appeals approved the course of the lower court in granting a preliminary injunction upon giving adequate security, saying: "A case appealing more strongly than this to an equity court for relief could rarely be found." In Featherstone v. Carr,132 N.C. 800, the court restrained threatened suits for monthly rent installments pending an appeal from judgments for previous installments upon finding the issues to be identical, involving a single point of law, and would be settled for all by the decisions in the cases appealed. Galveston, c., Railway Co. v.Dowe, 70 Tex. 5, is instructive of the type of bill of peace presented in this case. In West v. Mayor, 10 Paige (N.Y.)539, Chancellor Walworth held that equity would not enjoin a multiplicity of suits involving the same issue until the plaintiff had established his right by a successful defense in at least one of the actions, nor when the question was one of law and that favoring the plaintiff; but that was a case in which equity was asked to take entire jurisdiction, decide the question of law and altogether enjoin the action at law. Mr. Pomeroy points to this distinguishing feature in section 254. And so inNewark v. Chestnut Hill Land Co., 77 N.J. Eq. 23, equity was sought to assume jurisdiction over a controversy, a continuing trespass, then in suit at law. Relief was denied; the law court could handle it; and as to threatened multiplicity of actions, the complainant could relieve itself by condemnation. And inLehigh Valley Railroad Co. v. McFarlan, 31 N.J. Eq. 730,
where it was declared that a bill will not lie unless the right in controversy has once been determined in favor of the complainant, the court was asked that the entire controversy be taken over from the law courts to be settled in equity. The present bill *Page 302 
has not that object. Here it is to prevent onerous and oppressive successive litigation until the matter in controversy may be settled in a single suit at law.
The defendant also argues that the complainant is not entitled to relief because it is collecting rent and itself not paying rent. The point is beside the mark. The injunction is to protect the complainant until the law court determines it is required to pay rent. On part eviction the tenant may enjoy the remaining portion of the demised premises without paying rent. Morris v.Kettle, supra. It is his privilege to sublet without paying rent.
The defendant offers to consolidate the trials of the suits now pending. That would, of course, lessen vexation but would not relieve the complainant from defending the threatened suits. Furthermore, it is not in the power of the defendant to consolidate the several necessary appeals.
A preliminary injunction will issue.