S. ZEIGLER *et al.*, plaintiffs in error, *vs.* THOMAS H. BEASLEY, defendant in error.

When a bill was filed to restrain the transfer of certain promissory notes, alleged to have been given for the purchase of a tract of land, the main inducement for the purchase thereof being the timber standing on the land at the time of the sale, which the vendor had previously sold to other parties without the knowledge of the vendee, and the notes given for the land being due at different times:

*Held,* That a Court of equity had jurisdiction, under the allegations in the complainant's bill, to restrain, by injunction, the transfer of the notes

by the vendor, which were not due at the time of the filing of the bill, until the final hearing of the cause, to prevent a multiplicity of suits, and to have the whole matter in controversy between the parties settled by the decree of the Court.

Equity. Injunction. Before Judge Sessions. Appling county. September, 1871.

Beasley's bill against Zeigler *et al.*, made this case: In April, 1870, he bought from them certain lands containing say, twenty-two hundred and sixty acres, with all its appurtenances, without reservation or exception, for $2,500 00. He paid $625 00 cash, afterward, and gave his three notes to them for $625 00 each, dated the 22d of October, 1870, and due at six, twelve and eighteen months thereafter, took their deed and gave them a mortgage on the land to secure the said notes. The land was well timbered, the timber was worth $1,718 00, and the land worth but little.

Previous to said sale, on the 2d of February, 1869, and without Beasley's knowledge, defendants had conveyed to Hall & Miller the timber on seventeen hundred and fifty-nine acres of said land. They have sued Beasley on the first note which is due. They still hold the others and the mortgage. They refuse to turn over to him the proceeds of the sale of the timber, or to make any deduction on said notes, but insist that he shall pay them. He prayed that their suit be enjoined, that they be enjoined from transferring the other notes and mortgage, and that an equitable settlement be decreed.

The injunction was granted. Defendant demurred to this bill, upon the grounds that it contained no equity, plaintiff had adequate remedy at law, and the injunction was improvidently granted. The Chancellor overruled the demurrer, and that is assigned as error.

P. W. MELDRIM, for plaintiffs in error.

J. C. NICHOLS, by Z. D. HARRISON, for defendant.

WARNER, Judge.

This was a bill filed by the complainant against the defendant, on the 3d of October, 1871, praying for an injunction to restrain the collection of a note then in suit, and to restrain the transfer of two other notes not then due, which the complainant had given to the defendants for the purchase of a tract of land. It averred that the chief value of said tract of land was the timber then standing on it, which was the main inducement in making the purchase thereof; that prior to the sale of the land to the complainant, the defendants had sold the timber on the land to other parties without his knowledge. The injunction was granted, and the bill was demurred to for want of equity, inasmuch as the complainant had an adequate and complete remedy at law. The Court overruled the demurrer, and retained the injunction. Whereupon the defendants excepted.

In view of the facts disclosed by the record, there was no error in the judgment of the Court below. The bill and injunction were properly retained on two grounds. First, for the purpose of restraining the transfer of the two notes not due at the time of filing the bill. Second, to prevent a multiplicity of suits on the several notes given for the land, as the same became due, so as to have the whole matter in controversy between the parties, in relation to the sale of the land, settled by the decree on the final hearing of the bill.

Let the judgment of the Court below be affirmed.