JAMES G. McCORKLE and others v. WALTER BREM, Exr. and others.

*Practice -- Injunction.*

Where the granting of an injunction can work harm to neither party and a refusal to grant it will probably subject one of the parties to further litigation, cost and trouble, the injunction should be granted until the hearing; *Therefore*, when it is alleged in the complaint that the defendants' testator occupied a fiduciary relation to the plaintiffs and invested their money in certain real estate (which allegation the answer denies) and no settlement of accounts has been had between the plaintiffs and such fiduciary; *Held*, that the defendants should be restrained until the hearing from selling such real estate for assets.

MOTION to continue an Injunction, heard on the 28th of December, 1876, at Chambers, before *Schenck, J.*

The plaintiffs are the heirs at law of one John Harty. Thomas H. Brem the deceased ancestor of the defendants was administrator of said Harty and as such came into possession of a certain amount of money, a part of which was invested in the purchase of a lot in the City of Charlotte for the use and benefit of plaintiffs.

It was alleged that the deed for said lot was made to said Brem personally and did not recite the trust according to an agreement between the parties, and thereupon the plaintiffs demanded judgment that the defendants execute a deed con-

veying the legal estate to plaintiffs and that the executors; of said Brem be enjoined from selling said lot (under an order previously granted) for assets to pay debts of their testator.

His Honor granted a restraining order in accordance with the demand of plaintiffs, and the defendants then filed an answer stating among other things that said Brem had filed his account as administrator of said Harty in the Probate Court of Mecklenburg County, exhibiting a balance due said administrator in the settlement of the estate of his intestate.

Upon the hearing of the cause on complaint and answer the Court overruled the motion to continue the restraining order heretofore granted. From which judgment the plaintiffs appealed.

*Mr. C. Dowd*, for plaintiffs.
*Messrs. Wilson & Son*, for defendants.

Faircloth, J.   As a general rule an injunction will be refused when the answer fully and distinctly denies all the grounds on which the equity of the complaint is founded. This rule however is not inflexible, and the Court in the exercise of a sound discretion will view all the facts and circumstances surrounding each case and be governed accordingly.   When it can do neither party any harm to grant the injunction, except merely delay to the hearing, and when a refusal to grant it would probably subject one of the parties to further litigation, cost and trouble, the Court will interfere by orders until the way is made plainer.

In the present case it appears from both complaint and answer that Thomas H. Brem did occupy a fiduciary relation to the plaintiffs as administrator of their ancestor, and that a large amount of assets came to his hands and that no settlement of the same has been yet had with the plaintiffs,.

and that no account of said administration has been given except Brem's own *ex parte* statement filed with the Probate Court.

The plaintiffs have a right to a full investigation of these accounts, and they allege that said Brem after paying debts had a certain sum still in hand, and that he agreed with them to invest the sum, or a part of it, in a certain described lot in the City of Charlotte for their benefit, and that he did so except that he took the deed to himself absolutely.

The answer denies this allegation but it does appear from the answer that he purchased this *particular* lot subsequent to the time of the alleged agreement.

The defendants as the representatives of said Brem deny the agreement on information and belief only, whereas the plaintiffs testify to a contract made with them personally. These are matters fit to be investigated before further complications arise among the parties. Suppose the sale takes place and the proceeds are paid to Brem's heirs, and finally the plaintiffs establish their equity and recover the lot of land or its equivalent from the purchaser, it would be easy to see the difficulties added to the settlement of both estates and the wrong done to the purchaser and the probable loss of the purchase price to him.

Therefore to avoid troubles of this character we think His Honor should have continued the restraining order until the final hearing. There is error. Let this be certified.

Error.

PER CURIAM.                                        Judgment reversed.