Norfolk and New Brunswick Hosiery Company, Respondent, *v.* Anna M. Arnold, Appellant.

143  265
169  ¹  81

The parties entered into a contract by which plaintiff agreed to pay specified royalties in monthly installments for the use of a patented invention. Plaintiff paid the royalties for several years, and then refused to make further payments, on the ground that it was induced to enter into the contract by fraud. Defendant commenced three successive actions to recover installments falling due. Plaintiff answered setting up the alleged fraud, and asking to have the contract declared void because thereof. These actions were consolidated. The consolidated action was tried, resulting in a judgment for defendant. Plaintiff appealed, giving an undertaking securing the judgment. Defendant thereafter commenced another action to recover royalties, setting up the judgment so obtained for the purpose of estopping plaintiff from showing the fraud. To prevent the issuing of an attachment in that action plaintiff gave a bond to secure any judgment obtained. Plaintiff commenced this action, setting forth these facts and that defendant intended to commence successive actions as successive installments fell due, and prayed for an injunction restraining defendant, pending the appeal, from prosecuting the action in the Common Pleas, and from bringing other actions for royalties accruing. An order granting a preliminary injunction was affirmed by the General Term on condition that plaintiff give a bond to pay any judgment recovered in the Common Pleas, and to pay all royalties accruing until a final decision in the consolidated action on appeal to this court in case the judgment was affirmed, or the appeal dismissed, and also stipulates that in such case judgment might forthwith be entered, and that no defense would thereafter be interposed to any action to recover royalties. Defendant is substantially irresponsible. *Held,* that the court had jurisdiction of the action and to grant the injunction, and that the temporary injunction was properly granted upon the terms specified ; also that the exercise of its discretion by the court below was not reviewable here.

*Eldridge* v. *Hill* (2 Johns. Ch. 281), distinguished.

(Argued June 19, 1894 ; decided October 9, 1894.)

Appeal from order of the General Term of the Supreme Court in the second judicial department, made May 31, 1894, which modified, and affirmed as modified, an order of Special Term granting an injunction *pendente lite.*

This action was brought to restrain defendant from prosecuting certain actions.

The plaintiff was under written contract, dated April 10, 1882, to pay the defendant royalties for the use of certain patented inventions at the rate of $500 monthly and to aggregate not less than $12,000 per annum. It paid the royalties for several years, and then, claiming to have discovered that it was induced to enter into the contract by fraud, it refused to make further payments. Then the defendant, in the year 1891, commenced in the Supreme Court three successive actions to recover installments of royalties which fell due at different times. The plaintiff alleged in defense of these actions the fraud, and prayed judgment that the contract be declared void on account thereof and canceled. The three actions were consolidated by order of the court, and the consolidated action was tried and resulted in a judgment for Mrs. Arnold for upwards of $19,000. From that judgment the hosiery company appealed to the General Term. Then Mrs. Arnold commenced another action in the New York Common Pleas to recover royalties amounting to $23,000, and the same defense was interposed as to the prior actions. In her complaint Mrs. Arnold alleged the recovery in the consolidated action for the purpose of showing that the hosiery company was estopped thereby. It was the intention of Mrs. Arnold also to commence successive actions, as installments of royalties fell due pending the appeal of the hosiery company to the General Term and to this court. The hosiery company gave an undertaking upon its appeal from the judgment securing the judgment and staying execution thereon ; and it also, for the purpose of preventing an attachment of its property in the Common Pleas, gave a bond in the penalty of $30,000 to secure the payment of any judgment which might be recovered in that action. Thereafter it commenced this action, alleging the foregoing and other facts, and prayed for an injunction restraining the defendant, pending its appeals, from prosecuting the action pending in the Common Pleas, and from bringing other actions for accruing royalties. The plaintiff then made a motion for a preliminary injunction during the pendency of this action, restraining the defendant as

prayed in the complaint, which was granted.    Upon appeal by
the defendant to the  General  Term from the  order granting
the injunction, the  order was affirmed  on  condition that the
plaintiff should give to the  defendant a bond  for $50,000, to
pay any judgment which should be recovered in the Common
Pleas, and also all royalties which should accrue until the final
decision of the appeal to this court from the judgment in the
consolidated action, and should also stipulate that in case that
judgment should  be affirmed  in this court,  or  the appeal
therefrom  should  be  dismissed, judgment in favor of  Mrs.
Arnold  in  the  Common  Pleas  action  might  forthwith  be
entered for her, and that no defense should  be interposed to
any action to be  brought by her to recover  royalties to fall
due.    From the order of the General Term the defendant has
appealed to this court.

*Frank E. Blackwell* for appellant.    The injunction is not in
accordance with the Code.    (Code Civ. Pro. § 611.)    A court
of equity has no jurisdiction in such an action, and the com-
plaint states no cause.    (*Eldredge* v. *Hill*, 2 Johns. Ch. 281 ;
*Magee* v. *Cutler*, 43 Barb. 287 ; *Morgan* v. *Morgan*, 21 Am.
Dec. 640 ; *Mayor, etc.*, v. *Meserole*, 26  Wend. 132 ; *Wiggin*
v. *Mayor, etc.*, 9 Paige, 16 ; *Haywood*  v. *Buffalo*, 14 N. Y.
534 ; *S. Bank* v. *Supervisors*, 25 id. 314 ; *Sire* v. *Kneuper*,
22 Abb. [N. C.] 63 ; *Wolfe* v. *Burke*, 56 N. Y. 119.)    The
court has no power to enjoin the prosecution of the suit
already brought nor the prosecution of any other suits thereon.
(*Bronson* v. *Kinzie*, 1 How. Pr. 311 ; *McCracken* v. *Hay-
ward*, 2 id. 608 ; *Green* v. *Biddle*, 8 Wheat. 1 ; *Memphis* v.
*United States*, 97 U. S. 293 ; *United States* v. *Muscatine*,
8 Wall. 575 ; *Fullerton* v. *Bank of U. S.*, 1 Pet. 604 ;
*Van Hoffman* v. *Quincy*, 4 Wall. 535 ; *Walker* v. *White-
head*, 16 id. 314 ; *Terry* v. *Anderson*, 95 U. S. 628.)
The consolidated suit as tried amounted to an action in equity
on the part of the company to cancel the instrument, and
thus put it out of the power of Mrs. Arnold to bring any
more actions thereon.    Now, had such an action originally

been brought by the company it is settled law that after judgment establishing the agreement the court would have no power to grant an injunction restraining Mrs. Arnold from bringing any suit, or from using the agreement established by the decision of the court in any manner whatever. (*E. R. Co.* v. *Ramsey*, 45 N. Y. 637; *Spears* v. *Mathews*, 66 id. 127.) Assuming all the questions discussed in the plaintiff's favor, it would yet have to be shown by it that the relief here applied for could not be obtained in the action in the Court of Common Pleas by motion. (*Schell* v. *E. R. Co.*, 51 Barb. 371; *Hayward* v. *Wood*, 39 Hun, 596; *Cowper* v. *Theall*, 40 id. 540; *Lazarus* v. *Danziger*, 16 N. Y. Supp. 202; *Weber* v. *Zimmerman*, 23 Md. 56; *Lamb* v. *Drew*, 20 Iowa, 15; *Chipman* v. *Bowman*, 14 Cal. 157.)

*Walter D. Edmonds* and *John Hunter, Jr.*, for respondent. The appeal should be dismissed because an injunction *pendente lite* is in the discretion of the court of original jurisdiction, subject to review only by the General Term, which is the final appellate jurisdiction. (*Hatch* v. *W. U. T. Co.*, 93 N. Y. 639, 640; *Vandewater* v. *Kelsey*, 1 id. 533; *Paul* v. *Miner*, 47 id. 469; *Calkin* v. *M. O. Co.*, 65 id. 557; *People* v. *Schoonmaker*, 50 id. 449; *Brown* v. *Keeney*, 59 id. 242; *Patton* v. *N. Y. E. R. R. Co.*, 67 id. 484; *Pfoehl* v. *Sampson*, 59 id. 174; *Rae* v. *Mayor, etc.*, 62 id. 631.) The court had jurisdiction and power in its discretion to grant the injunction. (Code Civ. Pro. §§ 611, 817, 818; *Gates* v. *Preston*, 41 N. Y. 113; *T. A. R. R. Co.* v. *Mayor, etc.*, 54 id. 159; *Walker* v. *Heller*, 90 Ind. 198.)

Earl, J. The claim of the defendant is that, upon the facts made to appear in this case, the court had no jurisdiction to stay proceedings in the Common Pleas action, and the commencement of further actions to recover royalties under the contract between the parties.

The jurisdiction of a court of equity by action to restrain proceedings in actions pending in courts of law should be sparingly exercised, and only when other remedies are inade-

quate and the equities invoking its jurisdiction are apparent and strong. There is no hard and fast rule about it, and every case must depend largely upon its own circumstances. (Pomeroy's Eq. Jur. § 1371; *Hart* v. *Mayor of Albany*, 3 Paige Ch. 381; *Erie Railway Co.* v. *Ramsey*, 45 N. Y. 637; *Third Ave. R. R. Co.* v. *The Mayor of N. Y.*, 54 id. 159; *Schuehle* v. *Reiman*, 86 id. 270.)

The purpose of this action is to compel the settlement of the controversy between these parties in the one action, and thus to prevent multiplicity of actions, and that is a purpose usually favored by courts of equity.

A case appealing more strongly than this to an equity court for relief could rarely be found. There appears to be an honest controversy between the parties, the plaintiff and its counsel believing that it has a good defense to the royalties claimed. The amount involved in the controversy is large. One action involving the expenditure of much time and money has been tried, and the defendant has a judgment establishing her right. The plaintiff desires to bring that judgment under review, if necessary, in the court of last resort, and the defendant intended and threatened to proceed in the Common Pleas action, and to commence other actions for successive installments of royalties, and the plaintiff was absolutely barred of any defense to such action by the estoppel of the judgment she had already recovered; and thus inevitably it would be subjected to large expenses and costs. She could enforce payment of her judgments, and being substantially irresponsible it might lose all the money it was obliged to pay and thus subjected to irreparable loss.

The plaintiff was without other adequate relief, and even if it might from the Common Pleas probably obtain a stay of the action there pending, no court of law could stay the commencement of successive actions and thus the piling up of unnecessary costs. Under such circumstances we think it was a wise exercise of its jurisdiction for the court in this action to grant the injunction upon terms adequate for the defendant's protection. She had ample security for the pay-

ment of her royalties to an amount exceeding $100,000, and a stipulation which will end all litigation in case of the affirmance of her judgment, or the dismissal of the appeal. Thus, all her rights and interests are fully protected, and she should not be permitted to harass and oppress her adversary with unnecessary litigation.

The defendant claims that this injunction, so far as it prevents the commencement of further actions to enforce the payment of her royalties, is illegal, violating her constitutional rights. But she is not deprived of her remedy upon her contract. Her actions are simply stayed with adequate security for her protection, not arbitrarily, but simply until her right to recover royalties is finally determined in an action involving all the questions upon which the rights of the parties depend. This stay is granted, not by the arbitrary *fiat* of the legislature, but in a judicial proceeding in which she has had an opportunity to be heard. Such stays granted in regular judicial proceedings to promote the ends of justice violate no constitutional right and are not uncommon in judicial annals.

The case of *Eldredge* v. *Hill* (2 Johns. Ch. 281) must not be given too wide a scope as authority. There the purpose of the equitable action was to restrain the commencement of successive actions to recover damages for a nuisance. There the plaintiff could have prevented the successive suits by abating the nuisance, and that he could have done without any considerable loss or damage to himself, and hence the resort to the equitable action was unnecessary. Here the plaintiff could do nothing to prevent the multiplication of suits, and, bound hand and foot by the estoppel of the first judgment, it was at the mercy of the defendant, except for such relief as it could get in a court of equity by such an action as this.

Therefore, as the court had jurisdiction to grant the injunction, its discretion is not reviewable here, and the appeal must be dismissed, with costs.

All concur, except ANDREWS, Ch. J., not sitting, and BARTLETT, J., not voting.

Appeal dismissed.