This case is not very clearly developed by the complaint, which seems to have been used by plaintiff as an affidavit in the application for an injunction. And we are not certain that we fully understand all the facts. But, as it is an application for ancillary relief only, in which there can be no final judgment, if we should mistake some of the facts the parties will not be bound by them on the trial, and they may there be corrected. We are of opinion, however, that enough does appear to entitle the plaintiff to the injunctive relief prayed for. It does appear, as we think, that the plaintiff is the surety of J. F. and W. A. Moore, partners, for over $9,000, which has been reduced to judgment; and that this partnership has been dissolved by the (451) death of J. F. Moore, and is insolvent. That since the death of J. F. Moore the surviving partner has made a mortgage or deed in trust to W. F. Carter, trustee, of the partnership property for the benefit of the plaintiff and other firm creditors. That a considerable portion of the partnership property consisted in lands owned by J. F. Moore and W. A. Moore, at the death of J. F. Moore. That some time prior to the death of J. F. Moore the firm of J. F. W. A. Moore borrowed of the United Brethren of Salem $6,000 and executed a mortgage therefor on their individual real estate, and the defendant R. A. Moore, then the wife of J. F. Moore, and now his widow, joined in said mortgage, and that something over $4,000 of said last-mentioned debt remains due and unpaid. That the owners of this debt and the holders of this last-named mortgage, the trustee, W. F. Carter, W. A. Moore in his own name and as administrator of J. F. Moore, and the said R. A. Moore (the widow) have all been made parties to this action.
It further appears that R. A. Moore has applied for dower, and that the same has been assigned to her as the widow of J. F. Moore; and in the allotment of the dower the whole of the lands owned by her husband have been estimated and valued at their fee-simple value, without considering the encumbrance on the same, but that she has been allowed to have the real estate owned and held by the insolvent partnership of J. F. W. A. Moore estimated, valued and considered in making her allotment of dower, in this way causing the dower to cover almost the entire real estate owned by the deceased husband; and that the defendant W. A. Moore as the administrator of J. F. Moore has procured an order from the Superior Court (the Clerk) to sell the lands of the said J. F. Moore, subject to the encumbrance of the dower of the (452) defendant R. A. Moore, for assets.
Upon these facts it seems to us the plaintiff is entitled to equitable relief. This partnership being insolvent, its creditors have a right to have its assets applied to the payment of the partnership debts and *Page 309 
in exoneration of plaintiff's liability. Pomeroy Eq. Jur., secs. 1417, 1419; Patton v. Carr, ante, 176. The partnership being insolvent, the real estate owned by the partnership will be considered personalty for the payment of debts. Shanks v. Klein, 104 U.S. 18. And this being so, the widow, R. A. Moore, cannot have dower assigned to her out of the same. Lindley on Partnership, 341. Nor could she have it taken into consideration in estimating her dower so as to increase the same. It is in legal contemplation personalty. All the property of the said J. F. Moore being liable for the partnership debts, subject to the rightful dower of his widow, she cannot have its value greatly diminished by having her dower erroneously increased. While this defendant has an equity to have her dower relieved from encumbrances out of the individual estate of her husband, she has no right to have this done out of the firm assets, as these are first to be applied to the payment of the firm debts. W. A. Moore as surviving partner having conveyed the partnership estate to W. F. Carter in trust to pay the debt for which plaintiff is liable and other partnership debts, it seems that this created an equitable estate in Carter, though not a legal estate, which he should proceed to enforce, and sell the estate so conveyed to him and apply the proceeds. Shanks v. Klein, supra. But this trust should be enforced through an order of court, that there may be no dispute as to the title, and that the land so conveyed to him may bring its full value.
We have had some trouble as to how these equities should be (453) administered, especially in the matter of the dower. But we find that courts of equity have jurisdiction of matters of dower, especially so where equitable estates and equitable principles are involved. Campbell v. Murphey, 55 N.C. 357. It is also in equity, or under the equitable jurisdiction of the court, that trust estates are administered and partnerships settled. When the Superior Court once acquires jurisdiction of a case, it will administer all necessary incidental matters connected with the litigation. Oliver v. Wiley,75 N.C. 320; Gulley v. Macy, 81 N.C. 356. Therefore, as all the parties interested in this matter appear to be before the court, we see no reason why, upon a properly constructed complaint setting out fully all the facts, the whole matter might not be adjusted and settled in this case. This would be in the spirit of the present system of practice. Thus seeing this case, and not seeing that the continuance of the injunction would have injured any one, we think it should have been continued. McCorkle v. Brem,76 N.C. 407. In not issuing the injunction there was
Error.
Cited: Featherstone v. Carr, 132 N.C. 802; Ingram v. Corbit,177 N.C. 321. *Page 310