FEATHERSTONE v. CARR.

(Filed June 6, 1903.)

1. INJUNCTIONS—*Motions—Motion in the Cause—Multiplicity of Actions—The Code, Sec. 1766.*

A motion for an injunction to prevent a multiplicity of suits is properly made in the action pending and a new action for that purpose would not be proper.

2. INJUNCTIONS—*Multiplicity of Actions—The Code, Sec. 1766.*

Where the record clearly shows that all matters in dispute between the parties can be settled in the pending action and that the plaintiff will not be injured, an injunction to prevent a multiplicity of actions should be granted.

ACTION by A. A. Featherstone and wife against Patrick Carr and others, heard by Judge *W. B. Councill,* at November Term, 1902, of the Superior Court of BUNCOMBE County. From a judgment for the defendants, the plaintiffs appealed.

*Locke Craige,* for the plaintiffs.
*Merrick & Barnard,* for the defendants.

MONTGOMERY, J.  It appears from the proceedings and especially from the facts found by his Honor in his order for the injunction that the plaintiffs, in a court of a justice of the peace, proceeded to have the defendants dispossessed of a certain store house in Asheville and to recover rents therefor, under Section 1766 of The Code; that the defendants resisted the plaintiffs' demand, setting up an averred unexpired lease of the premises and disputing the amount of monthly rent as claimed by the plaintiffs; that a judgment was had for the plaintiffs in the justice's court and an appeal taken by the defendants to the Superior Court of Buncombe County; that the plaintiffs, since the appeal was taken, have procured thirteen judgments for the rent due monthly, from which judgments the defendants appealed to the Superior

Court; that the plaintiffs threatened to continue these monthly suits for the rents and have issued executions upon some of the judgments.   His Honor further finds as a fact that all the matters and things in dispute between the parties arose out of the same state of facts and depend upon the same principles of law and can be fully settled in one action. The defendants, upon affidavits, made a motion in the case on appeal in summary ejectment, for an injunction to restrain the plaintiffs from prosecuting any further suits against the defendants for and on account of the rents and from issuing executions on the judgments or either one of them, for rent; and his Honor granted the injunction.    It appears further in the proceedings that upon the taking of the appeal in the proceeding of summary ejectment under 1772 of The Code the defendant executed a bond in the sum of $1,350 to secure the plaintiffs the rent and damages during the pendency of the appeal, and that afterwards by an order made in the Superior Court an additional bond for the same purpose in the sum of $1,200 was executed and filed by the defendants.

We can see no error in the course pursued by his Honor. It was proper for the defendant to have made the motion for the injunction in the case then pending in the Superior Court, and a new action for that purpose could not have been maintained.   *Faison v. McIlwaine,* 72 N. C., 312; *Lord v. Beard,* 79 N. C., 5.

It clearly appears from the record that in the controversy pending between the parties all matters in dispute between them can be settled, and the plan adopted by the plaintiffs of a multiplicity of suits for the monthly payment of rents must be regarded therefore as vexatious and equity will intervene by injunction process to prevent such litigation.    The spirit of our present system of practice favors the adjustment and settlement of all matters in dispute between parties in one action as far as possible, and it discourages multiplicity of

suits because of the vexatious delays and costs attendant upon them. *Sparger v. Moore,* 117 N. C., 450. And besides no harm could come to the plaintiffs through the issuing of the injunction while the defendants would be subjected to inconvenience and probable loss if it were not granted, and in such cases it is proper for the injunction to be issued. *McCorkle v. Brem,* 76 N. C., 407; *Railroad Co. v. Commissioners,* 108 N. C., 56. The plaintiffs cannot be hurt here. On the trial they can recover the rents due up to the trial and any damages which they have sustained by the detention of the property, and there are bonds on file in the court in sufficient amount and approved as to security by the proper officers. Also if those bonds should become impaired or if the litigation should become protracted to such an extent as to require additional security to protect the plaintiffs in their rents, then under Section 1772 of The Code the Superior Court can require additional security. Not only is it within the jurisdiction and power of the Superior Courts to have the bonds in such cases increased or strengthened, but under their general powers in equity outside of that statute or any other statute, they would have the right to take such action. Or in case of inability on the part of a suitor to strengthen or increase such security the court would have the power to appoint a receiver to take possession of the property under the direction of the court. *Kron v. Dennis,* 90 N. C., 327; *Lumber Co. v. Wallace,* 93 N. C., 22. We, in deference, will add that as the court docket is always under the control of the presiding judge and as a general rule to be regularly proceeded with, yet we have no doubt that upon such a case as this being called to his Honor's attention a speedy trial would ensue if there was danger of loss to plaintiff by delay.

No Error.