FEATHERSTONE v. CARR.

(Filed December 18, 1903).

INJUNCTIONS—*Landlord and Tenant—The Code, secs. 1772, 1834.*

Where a person has been enjoined from bringing actions on each
instalment of rent as vexatious, such person is not precluded
by such injunction from issuing execution on a judgment taken
in a summary action in ejectment for the recovery of the prop-
erty after the expiration of the lease.

ACTION by Clara M. Featherstone and her husband, A. A.
Featherstone, against Patrick Carr and others, heard by *Judge
E. B. Jones* at November Term, 1903, of the Superior Court
of BUNCOMBE County. From a judgment for the defendant
the plaintiffs appealed.

*Locke Craig,* for the plaintiffs.
*Merrick & Barnard,* for the defendants.

WALKER, J.   The *feme* plaintiff leased to Carr & Ward
the premises on South Main Street in the city of Asheville,
which are described in the contract, for two years, with the
privilege of renewing the lease upon the same terms and con-
ditions as are contained in the original agreement for three
additional years, should they so desire at the termination of
the lease, provided that Carr & Ward should give to the lessor
"sixty days' notice of their intention, prior to the expiration
of the lease, should they decide not to take and retain the said
property for the additional period of three years." The les-
sees agreed to pay $900 per annum in equal monthly instal-
ments as rent, the instalments to be paid in advance on the
first day of each and every month.

There are other conditions and stipulations in the lease,
and it was specially provided therein that if the lessees failed
to pay any instalment of rent when it should be due, or should
fail to perform any of the conditions or stipulations of the
contract for a period of five days after the lessor had given
them notice of their omission or neglect, the lessor should
have the right to re-enter and take possession of the premises,
notice to them and all other formalities being waived in case
of any default.

The *feme* plaintiff's husband joined with her in the lease,
but the execution of the same was not acknowledged by him,
though her acknowledgment and privy examination were
taken. The defendants, Carr & McIntyre, are occupying
the premises under an assignment of the said lease to them
by the receiver of the assets of Carr & Ward, and a further
agreement between them and the *feme* plaintiff, made in the
latter part of July, 1901, to the effect that they should con-
tinue to hold the premises under the lease to Carr & Ward,

and in accordance with its terms and conditions, upon the payment of an increased rent of $100 per month. This is the plaintiffs' allegation, the defendants alleging that they were to pay only $900 per annum, as provided in the lease to Carr & Ward, and that they did not contract to pay the increased rent.

In August, 1901, or about that time, the *feme* plaintiff instituted summary proceedings before a justice of the peace, under the statute, for the possession of the premises and the recovery of the rent then due, alleging that the defendants had failed to pay the rent. The justice gave judgment for the plaintiff and the defendants appealed to the Superior Court and executed a bond in the sum of $1,350 to secure one year's rent and the damages, as required by the statute (The Code, sec. 1772), in order to stay the execution, and this bond was afterwards increased by the Superior Court by $1,200. The two bonds for $2,550 are apparently sufficient in amount to secure the rent at the increased rate, and the damages for two years from the beginning of the lease, and the costs.

On the first or second day of each succeeding month after the first suit was brought the plaintiff instituted suits before a justice of the peace for the recovery of the instalments of the rent which had matured, obtained judgments and issued execution thereon, and, further, threatened to continue the institution of similar suits at the beginning of each month thereafter during the continuance of the lease. Thereupon the defendants, their first appeal having been duly docketed, moved in the Superior Court, upon affidavit in that case, to restrain the plaintiff from proceeding under the executions issued upon the judgments already rendered, and from instituting any further proceedings for the recovery of rent alleged to be due under the lease, and the plaintiff, at the hearing of the said motion, was by order of the Court enjoined "from

instituting or prosecuting any other or further suits against the defendants for or on account of the rents sued for in the action, and from issuing or having issued any execution or executions on the judgments heretofore rendered in the cause now pending on appeal." The plaintiff appealed from said order, and this Court affirmed the decision of the lower Court at the last term, upon the grounds stated in the opinion. *Featherstone v. Carr,* 132 N. C., 800.

After the expiration of the two years the plaintiff instituted summary proceedings before a justice of the peace against the defendants for the possession of the premises. Upon motion of the defendants in the original case, which was pending in the Superior Court, *Judge Moore* ordered that the plaintiff be permitted to prosecute her new action to judgment, but enjoined her until the hearing of the cause then pending in the Superior Court from issuing any execution upon her judgment for the possession of the premises. The plaintiff excepted to this order and appealed.

The question presented by her appeal, therefore, is whether *Judge Moore* should have granted the injunction, and upon this question we are with the plaintiffs.

The first order of injunction, the one which we affirmed (132 N. C., 800), was issued to protect the defendants from a multiplicity of suits and to prevent vexatious litigation, and our decision was put upon the ground that all of the matters in controversy between the parties arose out of the lease, and that the question which was involved in the first suit was the same in principle as the one presented in the next and all subsequent suits, though the latter were brought to recover different instalments of rent. The particular allegation in these suits was that the lease had been forfeited, and the right of the lessor to re-enter had accrued by reason of the failure of the defendants to pay the rent, and therefore the only matters in controversy were the right to the posses-

sion of the premises and the right to recover the different instalments of rent as they successively became due and payable. All of these matters, it was held, could be settled in one suit; and, in order to carry out the spirit and purpose of our present system of procedure, it was decided that, as the plaintiff's rights were fully secured by the bond of the defendants, she should be required to desist from proceeding under the judgments and executions already obtained, and from bringing new suits, as such action on her part tended to harass the defendants without any real benefit to the plaintiff, which upon any principle of equity she was entitled to enjoy, as the rights of the parties could easily be determined in the one action, and as she was in no danger of sustaining loss or damage.

We adhere to this view of the case, as it was then presented to us, but we do not think that the present appeal involves any such question as we then decided, but one that is quite different in fact and in law.

The last suit brought by the plaintiff was for the possession of the premises, and was founded, not upon the fact that there had been a default in the payment of the rent, but upon the allegation that the lease itself had expired by its own limitation, it being a lease for two years only, under the provisions of the statute that no lease or agreement for a lease by a married woman of her lands and tenements to run for more than three years shall be valid, unless the same be executed by her and her husband, and proved and acknowledged by them, and her privy examination taken, as required by law in the case of probate of deeds of married women. The Code, sec. 1834. We deem it unnecessary to decide the question raised by the plaintiff as to whether the lease had expired, for we are of the opinion that in any view of the case the last suit does not come within the range of the principle upon which the first injunction was granted and sustained by us. It is

based upon an entirely new cause of action, which, in any possible development of it, could not subject the defendants to a multiplicity of suits or to vexatious litigation. If it is decided in that suit that the lease had expired, the plaintiff surely should be entitled to immediate possession of the premises. The plaintiff by no possibility can recover more than the possession of the premises and the damages accrued since the expiration of the lease. It is an ordinary action to assert and enforce a right which has accrued since the first suits were brought, and does not involve any element such as in those suits entitled the defendants to be protected by the restraining power of the Court.

It appears in the record that the plaintiffs have recovered judgment in the last suit for the possession of the leased premises, and, so far as appears, no appeal has been taken by the defendants. There was some dispute between counsel in this Court as to the correctness of the record in this respect, and as to whether the paper containing the recital of facts was properly a part of the record in the case, and for this reason we would not conclude the defendants by any decision upon those facts, as we think it can be avoided. We will say, though, that if it is true there has been no appeal from that judgment, the fact furnishes an additional reason why the injunction should not be continued and the plaintiffs restrained from issuing an execution for the purpose of being put into possession of the property. If the defendants have not appealed and that judgment stands unreversed, it would seem that the fact of the expiration of the lease has been adjudicated, and that the defendants are estopped from longer asserting that it still subsists.

If the appeal of the plaintiff from the order of the Court affirming the ruling of the Clerk upon the plaintiff's motion to modify the injunction of *Judge Moore* and to permit her to issue execution upon her judgment for the possession of the

premises is properly before us (and we think that it is not), we discover no error in the decision of the lower Court upon that question. The Clerk had no jurisdiction or power to amend or modify *Judge Moore's* order. The permission to issue execution in that order was manifestly intended to be granted only by the Judge of the Court and not by the Clerk. The latter is not "the Court" in the sense of those words as used in the order.

There was error in the ruling of the Judge by which the plaintiff was enjoined from issuing execution upon the judgment she obtained before F. N. Waddell, justice of the peace, for the possession of the premises in dispute, which judgment is described in the order. It will be so certified, to the end that the injunction may be dissolved, and that such other and further proceedings may be had as are in accordance with the law.

Error.