(110 App. Div. 468.)

### FRALEY & CAREY CO. v. DELMONT et al.

(Supreme Court, Appellate Division, Fourth Department. January 17, 1906.)

1. INJUNCTION—SUBJECTS OF PROTECTION—COMMENCEMENT OF ACTIONS.

Equity may restrain the commencement of successive actions to recover installments falling due on a contract pending the determination of an action for prior installments involving the right to collect any installments.

[Ed. Note.—For cases in point, see vol. 27, Cent. Dig. Injunction, §§ 31, 33.]

2. SAME—SCOPE OF RELIEF.

Plaintiff purchased an appliance from defendant agreeing to pay for the same in monthly installments. Defendant commenced an action to recover certain unpaid installments in which the issue raised was whether defendant had performed his agreement, and was entitled to recover any-

thing on the contract. Defendant recovered judgment in that action, and immediately commenced an action to recover a subsequent installment, and plaintiff appealed to the county court from the judgment rendered against him, and also sued to enjoin defendant from commencing any further actions for the remaining installments. *Held*, that the court in the injunction suit should merely have granted a temporary injunction staying the commencement of any further action, and should have left the determination of the merits to the County Court.

[Ed. Note.—For cases in point, see vol. 27, Cent. Dig. Injunction, § 414.]

Appeal from Monroe County Court.

Action by the Fraley & Carey Company against Frank C. Delmont, impleaded with others. From a judgment in favor of plaintiff, defendant named appeals. Modified.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

Frederic Remington, for appellant.
C. C. Werner, for respondent.

SPRING, J. In March, 1904, the parties to the action entered into an agreement, pursuant to which the defendant installed a soda fountain in the store of the plaintiff. He was to receive therefor the sum of $700, of which the sum of $200 was to be paid when the soda fountain was in place, and the balance in successive monthly payments of $15 each. In August, 1904, the defendant commenced an action in Municipal Court to recover said sum of $200, and also five monthly installments, alleged to be due by virtue of the agreement. Issue was joined, a trial had on the merits, and, on September 29th, judgment was rendered in favor of the plaintiff for the amount claimed. Immediately thereafter, another action was commenced in the Municipal Court by the present defendant to recover another monthly payment. About the 4th of October, the present action was commenced, and an injunction granted restraining the commencement of any other action to collect any of said installments thereafter to mature, and also from prosecuting the action then undetermined in the Municipal Court until the further order of the court. The Municipal Court of the city of Rochester and the two judges of that court were made parties defendant, and enjoined from continuing the action pending in that court or from proceeding with any other action for the maturing installments. No appeal had been taken from the judgment recovered in the Municipal Court, and the injunction order did not restrain the enforcement of that judgment, and the complaint did not ask that its enforcement be stayed. Later an appeal for new trial was taken to the County Court from the Municipal Court judgment, and was pending at the trial of this action. An amended complaint was served, setting forth the appeal for new trial in the County Court, and in the prayer for judgment, excepting from any relief desired the judgment of said Municipal Court, and the same exception was contained in the prayer for relief in the original complaint. The complaint also asked that the defendant be enjoined from commencing any actions, until the hearing and determination of the appeal from the judgment in Municipal Court, "and until the hearing and determination of

this action.". The court possessed the power to restrain the commencement of other actions to collect installments as they matured each month. Norfolk & N. B. Hosiery Co. v. Arnold, 143 N. Y. 265, 38 N. E. 271; Erie Railway Co. v. Ramsey, 45 N. Y. 637.

In the action pending in the County Court, the rights of the parties could be determined, and its judgment would be conclusive as to the unpaid installments. For the purpose of avoiding a multiplicity of actions, it was a proper exercise of judicial authority to withhold the commencement of other actions until the final determination of the one in County Court if adequate security for the protection of the present defendant had accompanied the injunction order. While the present action in equity was commenced primarily for the purpose of restraining these many actions, which it is alleged in the complaint the defendant or his attorney threatened to commence; yet it sets forth his failure to comply with the agreement, and asks that the merits be determined in this suit, "except as to the judgment already rendered by the said Municipal Court." The court upon the trial declined, upon the application of the defendant, to limit the plaintiff to the equitable issues raised by the pleadings, but permitted it to litigate the question as to the defendant's failure to comply with the agreement. The decision and judgment determined that the defendant "failed and neglected to fulfil his said contract with the plaintiff, and is not entitled to recover from the plaintiff any part of the purchase price of said soda fountain." It also restrained the defendant from commencing any further action, or from prosecuting those now pending and directed their dismissal, and it also dismissed the complaint as to the Municipal Court of the city of Rochester and the said municipal judges.

The relief granted was too sweeping. The plaintiff properly commenced his first action in the Municipal Court. It had jurisdiction of the parties, and of the subject-matter. The amount demanded was sufficient for an appeal to be taken for a new trial in the County Court. The plaintiff elected to avail itself of that privilege; and thus assented to the determination of the questions involved in that tribunal. The point at issue was simply whether the plaintiff in that action had performed his agreement. The contract fixed the price for the work and the times of payment, and the claim of defendant is that, by reason of the failure to perform, no recovery at all can be had. There is, therefore, no difficulty in disposing of the issue raised in County Court, and the facts can be determined by a jury. The present plaintiff apparently commenced the present action expecting that the action in County Court would be tried and the rights of the parties settled there, and we can see no reason for permitting him to abandon this intention. The courts are very chary in restraining the prosecution of a pending action. Where all the parties are not before the court, or where the issues involved cannot be disposed of in the action at law, its prosecution may be stayed, and the issues determined in an equity action. We do not find any authority, however, for restraining an action at law in which all the issues involved may be fully determined and relegating those issues to a suit in equity.

As was said in 143 N. Y. 265, at page 268, 38 N. E. 271, at page 272:

"The jurisdiction of a court of equity by action to restrain proceedings in actions pending in courts of law should be sparingly exercised, and only when other remedies are inadequate, and the equities invoking its jurisdiction are apparent and strong."

Ordinarily a person in bringing an action may choose his tribunal if it has jurisdiction. His election will not be interfered with, unless for some important reason, and none existed in this case. We do not discover that there was any necessity for trying the present action. The temporary injunction staying the commencement of any further action in the premises protected the plaintiff from being harassed and mulcted in costs by frequent litigation. The trial and determination of the action in County Court will determine the rights of the plaintiff, and that accomplished, the purpose of a suit in equity will be attained.

We see no necessity for a new trial, and final judgment should be directed, containing, in lieu of the provisions in the judgment appealed from, the following directions: (1) The dismissal of the judgment against the Municipal Court of the city of Rochester, and the two judges of that court. (2) By striking out that portion which disposes of the merits of the controversy between the parties, and which dismisses the actions now pending in the County Court and in the Municipal Court. (3) By restraining the defendant from commencing any further action to collect the unpaid installments, or from prosecuting the action pending in the Municipal Court until the termination of pending action in County Court, or until the further order of the Court; and providing that the plaintiff gives adequate security to protect the defendant Delmont. (4) The appellant should have the costs and disbursements of this appeal, and no costs should be allowed to either party in the court below.

A memorandum will be filed providing in detail the form of the final judgment.

So ordered. All concur.