E. K. INGRAM v. BETTIE CORBIT ET AL.

(Filed 15 April, 1919.)

1. **Parties—Joinder—Ejection—Damages—Possession—Lessor and Lessee—Contracts—Breach—Parties—Widows—Heirs at Law—Executors and Administrators.**

   The widow, the administrator, and the heirs at law of the deceased owner of lands are proper parties to an action of ejectment and to recover damages brought by the lessee of lands for a term of years for breach of the lease by the entry of the widow under proceedings for dower, wherein the *locus in quo* had been included.

2. **Ejection — Dower—Lessor and Lessee—Parties—Judgment—Estoppel—Statutes.**

   The lessee of lands for a term, during the continuance of the lease after the death of the deceased owner, is a proper and necessary party to proceedings to lay off the widow's dower wherein the *locus in quo* had

been included (Revisal, sec. 3088), and where he has not been made a party in these proceedings he is not bound by the judgment therein in his action of ejectment and to recover damages against the widow, the administrator, and the heirs at law.

3. **Actions—Joinder—Ejectment—Lessor and Lessee—Contracts—Dower—Statutes.**

Where a widow has taken possession of lands during the continuance of a lease made thereof by her deceased husband, the owner, claiming under and included in an allotment of her dower, and the lessee sues in ejectment and for damages the widow individually, as administratrix and as guardian for their minor child, and sole heir at law, the cause of action alleged as to all arose from the same transaction, the lease, and were properly joined under the provisions of the Revisal, sec. 469(1), and to prevent a multiplicity of suits.

4. **Parties—Lessor and Lessee—Dower—Allotment—Heirs at Law—Widow.**

Where the widow wrongfully claims and is in possession of lands during the continuance of a lease thereof made by her husband, since deceased, as a part of her dower laid off to her in proceedings therefor, the heir at law is a proper and necessary party in the lessee's action to reallot her dower and to repossess the land covered by the lease.

5. **Pleadings—Demurrer—Statute of Frauds.**

In the lessee's action to repossess lands covered by his lease, the statute of frauds may not be taken advantage of by demurrer, upon the ground that the *locus in quo* was not sufficiently described in the lease; and where the plaintiff was at least a tenant from year to year he is entitled to damages for a wrongful breach of his lease by the widow claiming dower therein.

6. **Leases—Betterments—Statute of Frauds—Parties—Cancellation.**

Where the plaintiff brings his action of ejectment and for damages against the widow of the deceased lessor, who has taken possession under a claim of dower, and his administrator and heirs at law, if the statute of frauds is successfully pleaded as to the sufficiency of description of the lands in the written lease, under which he had put improvements upon the lands, the lessee is entitled to recover for betterments and to cancellation of note and chattel mortgage he has given thereon to secure the payment of the rent for the stated term of years, the joinder of the heirs at law as parties being surplusage.

APPEAL by plaintiff from *Lane, J.*, at March Term, 1919, of GUILFORD.

In June, 1914, E. T. Corbit, deceased, executed a lease to plaintiff for one acre of land for ten years, and agreed to erect a slaughter-house and dig a well thereon. The plaintiff delivered to Corbit his note in the sum of $500, secured by the chattel mortgage, in payment of the ten years rental. It is alleged in the complaint and is admitted by the demurrer that pursuant to the contract Corbit enclosed an acre of land with a wire fence, erected the slaughter-house thereon, and dug the well; that plaintiff went into possession and remained in possession during the lifetime of Corbit, who died in November, 1914; that his wife, the

defendant herein, qualified as his administratrix and also as guardian for his only heir, her daughter Alberta; that plaintiff paid the annual rental to the widow for the years 1915 and 1916, but she refused to accept the rental for 1917, and locked up the slaughter-house and excluded plaintiff therefrom. Prior to locking up the slaughter-house she had dower allotted, including therein the leased land. Prior to the death of Corbit the plaintiff had placed valuable improvements on the land. The defendants demurred to the complaint upon the ground that it did not state a cause of action either against the widow individually nor as administratrix, nor as guardian, and because there was a misjoinder of causes of action and a misjoinder of parties. The court sustained the demurrer and dismissed the action. The plaintiff appealed.

*L. B. Williams, Brooks, Sapp & Kelly for plaintiff.*
*C. C. Barnhart, W. P. Bynum, and R. C. Strudwick for defendants.*

CLARK, C. J. The contract, executed 15 June, 1914, by E. T. Corbit to Eli Ingram, specified that said Corbit "has this day leased to the party of the second part about one acre of land for a term of ten years as a place to butcher, on the following terms and conditions, to wit: The said party of the first part agrees to furnish $400 in cash towards building a slaughter-house. It is mutually agreed and understood that the said party of the first part is to have all the manure, bones, offal, and refuse from said slaughter-house, and also to have access and the privilege of butchering his own hogs, cattle, etc., and have the privilege of getting water to water his hogs, cattle, and other stock.

"It is further understood and agreed that the party of the second part is to pay the party of the first part the sum of $50 rent for the use of said house on the 15th day of June of each and every year for ten years—that is, $50 a year during the life of said lease.

"The party of the second part is to also give the party of the first part his note for $500, without interest, secured by a chattel mortgage on his fixtures in meat market for the faithful performance of this contract, and at any time the party of the second part fails or refuses to pay his rent as above stipulated the party of the first part is hereby authorized and empowered to advertise and sell the property embraced in said chattel mortgage to make his money, costs, and expenses of the said sale.

"It is also understood and mutually agreed that the house and all improvements on said land at the expiration of said lease are to remain and be the property of the party of the first part."

The amended complaint avers that the plaintiff since the date of the contract has been in possession of said lot, enclosed by a wire fence

erected by said Corbit, describing the said lot, and that soon after 15 June, 1914, said Corbit dug the well on said lot, built the slaughter-house thereon, and put in the fixtures; that the defendant Bettie Corbit, individually and as guardian of her daughter, is in possession of said property, which she took possession of without giving the plaintiff notice of her intention to terminate the lease, and alleges damages; he asks that the allotment of dower be declared null and void, that he recover possession of said property and damages for the detention of the same. The demurrer is upon the ground that no cause of action is stated against her, either individually or as administratrix or as guardian of her daughter; and further, a misjoinder of causes of action on the part of the defendant. It was error to sustain the demurrer as to misjoinder of causes or action or misjoinder of parties.

If the lease is valid it was necessary in an action of ejectment to make the widow, who claimed possession under an allotment of dower, a party defendant, and also as guardian of her daughter. She was also a proper party as administratrix to answer the demand for damages. The allotment of dower would be a defense for her to set up and would not be an estoppel against the plaintiff who is not a party thereto. Moreover, the plaintiff had a right to demand that dower should be allotted in land other than the leased land provided there was sufficiency thereof. *Harrington v. Harrington,* 142 N. C., 517. To prevent a multiplicity of actions this could be ascertained in this proceeding (*Sparger v. Moore,* 117 N. C., 450), and the heir at law, represented by her guardian, was a proper party, and the plaintiff also is a proper and necessary party. Rev., 3088.

Revisal, 469 (1), provides that the plaintiff may unite in the same complaint several causes of action, whether legal or equitable, when they all arise out of "the same transaction, or transaction connected with the same subject of action." Here there was but one matter, the lease, and the breach thereof by the widow taking possession of the property under a claim of dower, for which the plaintiff claims restitution from her individually and as guardian of the heir at law, and damages from her as the personal representative of her husband.

In *Morton v. Telegraph Co.,* 130 N. C., 303, relied on by defendants, there were three plaintiffs stating separate causes of action for mental anguish for nondelivery of a telegram. Also in *Thigpen v. Cotton Mills,* 151 N. C., 97, there were two plaintiffs. Of course in such case the transactions were entirely different, and there being a misjoinder of causes and of parties, the action was dismissed. When there is merely a surplusage of parties, it is not ground for dismissal as it cannot prejudice the cause of action, and at most the unnecessary party could be

21—177

dismissed on his own motion with his costs. *Abbott v. Hancock,* 123 N. C., 102, and cases there cited. See, also, citations in Anno. Ed.

In *Fisher v. Trust Co.,* 138 N. C., 224, the whole subject of misjoinder was fully considered, and it was held, with citation of many authorities, that "When the grounds of the complaint arise out of one and the same transaction or a series of transactions forming one course of dealing, and all tending to one end, if one connected story can be told of the whole, it is not multifarious"—that is, a demurrer will not lie for misjoinder. See, also, the numerous citations to that case in the Anno. Ed. and the later cases, *Chemical Co. v. Floyd,* 158 N. C., 462; *Ayers v. Bailey,* 162 N. C., 212, and *Lee v. Thornton,* 171 N. C., 213, 214, in which *Walker, J.,* says that he had not concurred in *Fisher v. Trust Co.* but "recognizes that the principle of that case has since been thoroughly settled by the decisions of this Court and is now an established rule of pleading, and has acquiesced in it for that reason." Moreover, in this case the plaintiff had a right to demand that Mrs. Corbit's dower be allotted in the land other than the leased land, provided there was a sufficiency thereof, *Harrington v. Harrington,* 142 N. C., 517, and the heir at law is a proper and necessary party to this proceeding, to reallot the dower as well as in the proceeding by plaintiff to recover possession, and necessarily appears by her guardian. The plaintiff was a proper and necessary party to the dower proceeding by the very terms of the statute itself. Rev., 3088. Not having been made a party the judgment therein is not an estoppel as to him and it is not necessary that he should come forward by a motion in that cause. The allotment of dower being a nullity as to him, its reallotment is incidental to the cause of action in this case, the chief ground of which is for recovery of the realty and damages.

It may be that the contract is unenforceable for total lack of description in the property leased, for the house and well were not thereon at the date of the lease. This was not remedied by the subsequent action of the lessor. This, however, does not arise upon this appeal, for the statute of frauds cannot be taken advantage of by demurrer. *Stephens v. Midyette,* 161 N. C., 323. *Non constat* but the defendants might admit the contract. The plaintiff was at least a tenant from year to year and entitled to damages for ejectment. 42 L. R. A. (N. S.), 648.

As the case, however, goes back, should the statute of frauds be pleaded upon the ground of the insufficiency of the description of the property the plaintiff would also be entitled to recover for his betterments in equipping the building and making additions thereto and to the surrender and cancellation of his note and chattel mortgage.

It is true that in this view the action would be against the widow, individually and as administratrix. Her joinder as guardian of the

heir would be mere surplusage, except to plead the statute of frauds, and not ground for dismissal of the action .or even for a demurrer. *Abbott v. Hancock, supra.* In any view, there was a cause of action stated.

Reversed.