THYRZA BENSON FOWLER and Others, Respondents, *v.* ALBERT
OTTINGER, as Attorney-General, Appellant

Third Department, November 17, 1927.

Injunction — action to restrain Attorney-General from prosecuting
action commenced by plaintiffs in Court of Claims — application should
be made to Court of Claims.

The plaintiffs, owners of certain land in Suffolk county which was appropriated
by the State for park purposes, instituted an action in the Supreme Court
challenging the validity of the appropriation. Before that action was deter-
mined, and anticipating its adverse determination, the plaintiffs filed a claim
in the Court of Claims to recover the value of the land. An appeal is now
pending from an adverse decision in the original action and this action was
commenced to restrain the Attorney-General from proceeding in the action in
the Court of Claims.

The plaintiffs have given no good reason why an application was not made to
the Court of Claims to stay proceedings therein in the action brought in that
court. If they have a valid reason why that action should not be prosecuted
pending the appeal, the application should be made to the Court of Claims to
stay its prosecution.

APPEAL by the defendant, Albert Ottinger, from an order of
the Supreme Court, made at the Albany Special Term and entered
in the office of the clerk of the county of Albany on the 11th day of
July, 1927, restraining the defendant from proceeding with the
trial of the claim filed by the plaintiffs in the Court of Claims
(Claim No. 18339) until the determination of an appeal from a
judgment dismissing an action brought by the same plaintiffs in the
Supreme Court, Suffolk county.

*James Gibson,* Second Assistant Attorney-General [*Walter H.
Pollak, Carl S. Stern* and *G. Frank Dougherty* of counsel], for the
appellant.

*Masten & Nichols* [*John A. Kelly, Edward N. Perkins* and
*Walter S. Throop* of counsel], for the respondents.

McCANN, J. The plaintiffs were the owners of certain land in
Suffolk county, N. Y., which the State through the Long Island
State Park Commission appropriated for State parks. On March
17, 1926, the plaintiffs brought an action in the Supreme Court of
Suffolk county challenging the validity of the appropriation. This
action came to trial in May, 1927, and the plaintiffs' complaint was
dismissed. An appeal has been taken from the judgment of dis-
missal and is now pending in the Appellate Division, Second
Department. On August 9, 1926, the plaintiffs filed a claim in the
Court of Claims to recover the value of the land so taken to protect

their interests in case the first action was decided adversely as it subsequently was. They have now commenced this third proceeding to restrain the Attorney-General from proceeding in the Court of Claims action pending the determination of the appeal from the Suffolk county decision. An injunction was granted at Special Term and the Attorney-General has appealed therefrom.

The reason advanced by the plaintiffs for demanding this injunctive relief is that they would be deprived of their property without due process of law and would be irreparably injured and without any remedy at law if the Attorney-General were not enjoined from proceeding with the trial in the Court of Claims until after the conclusive and final determination in the Suffolk county action. They state that they were compelled in order to safeguard their rights to commence an action in the Court of Claims, and in doing so ask that the claim be determined by the court in the event that it was determined in the action in Suffolk county that the appropriation of plaintiffs' lands was lawful.

No good reason is advanced why the relief demanded could not be secured by a motion in the Court of Claims. If the plaintiffs have a valid reason why their claim should not be prosecuted there, pending the decision of the Appellate Division, Second Department, in the Suffolk county action, we must assume that the Court of Claims would recognize its cogency and grant the plaintiffs a stay in that court on motion. There is no valid argument presented which makes the interference of another tribunal necessary in an independent action.

A very similar situation was presented in *Hayward* v. *Hood* (39 Hun, 596). In that case a judgment was obtained against an executor for misappropriation of funds, from which judgment the executor appealed. A second action was then brought against the surety upon the executor's bond. A third action was then instituted by the surety to restrain the trial of the case against it until a determination of the appeal from the judgment against the executor. The court says: " To sanction such an action as this, where the design is to obtain a mere stay of proceedings, would be to create an injurious · precedent unwisely extending the area of ordinary litigation. It has not often been attempted, and when it is attempted the act should meet the disapproval of the court, where it is evident, as it is here, that all the substantial relief the plaintiff in this suit is entitled to can be secured by an order staying the proceedings made in the other action." (See, also, *Pond* v. *Harwood*, 139 N. Y. 111; 32 C. J. 63.)

The respondents cite *Norfolk & New Brunswick Hosiery Co.* v. *Arnold* (143 N. Y. 265). The case does not sustain their position.

EARL, J., states: " The jurisdiction of a court of equity by action to restrain proceedings in actions pending in courts of law should be sparingly exercised, and only when other remedies are inadequate and the equities invoking its jurisdiction are apparent and strong."

In that case the defendant was bringing a succession of actions against the plaintiff for royalties. One action, involving the expenditure of much time and money, had been tried and the defendant had a judgment establishing her right. The plaintiff desired to bring that judgment under review if necessary in the court of last resort and the defendant intended and threatened to commence other actions for successive installments of royalties and the plaintiff was absolutely barred of any defense to such actions by the estoppel of the judgment she had already recovered and thus inequitably it would be subjected to large expenses and costs. The defendant could enforce payment of her judgments. She being substantially irresponsible, plaintiff might lose all the money which it was obliged to pay and thus be subjected to irreparable loss. No court of law could restrain the commencement of successive actions and thus large unnecessary costs would be piled up. The defendant had ample security for the payment of her royalties. It will thus be seen that the instant case is far afield from one in which equity was bound to intervene to prevent a multiplicity of suits, annoyances and possibly great loss, without the relief which is here possible.

The order of the Special Term should be reversed and the injunction denied, with costs.

COCHRANE, P. J., VAN KIRK, HINMAN and DAVIS, JJ., concur.

Order reversed on the law and facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.